BUCHER LAW, PLLC
Ryan Bailey (SBN 303925)
1000 Brickell Ave
STE 715 – Mailbox 1004
Miami, FL 33131
Email: *ryan@bucherlawfirm.com*
Phone: (650) 881-2201

*Attorneys for Plaintiffs and Proposed Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SHIMOTA, an individual; RICARDO CAMARGO, an individual; JOHN ELLIOTT, an individual; and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br>ACTIVISION BLIZZARD, INC.; ANNAPURNA GAMES; CAPCOM U.S.A. INC.; ELECTRONIC ARTS INC.; HUMBLE BUNDLE, INC.; SEGA OF AMERICA, INC.; SONY INTERACTIVE ENTERTAINMENT LLC; SQUARE ENIX OF AMERICA HOLDINGS, INC.; UBISOFT, INC.; VALVE CORPORATION; WARNER BROS. INTERNATIONAL ENTERPRISES INC.; and DOES 1-10;<br><br>Defendants. | Case No. 3:26-cv-12291-TSH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT VALVE CORPORATION'S ADMINISTRATIVE MOTION TO ENLARGE TIME** |

Plaintiffs submit this brief in opposition to "Defendant Valve Corporation's Administrative Motion to Sequence Threshold Motion Practice or, in the Alternative, to Enlarge Defendants' Time to Respond to the Complaint." which was received on Saturday, October 24. Plaintiffs' timely file this below opposition pursuant to LCR 6-3(b).

**FACTUAL BACKGROUND**

This case was filed in California Superior Court on August 27, 2026 against 11 corporations for anticompetitive conduct under two California statutes ("the Complaint"). Valve Corporation ("Valve"), headquartered in Washington state, is the only party in the case that is not a California resident.

The Complaint was filed with a Notice of Related Case, since two of the Plaintiffs have been part of a federal class action lawsuit in Washington against one of the Defendants, Valve, under a federal statute: the Sherman Act. *In re Valve Antitrust Litig*., W.D. Wash Case No. 2:21-cv-00563. The Complaint was automatically deemed "complex" for containing a class action claim, pursuant to California Rule of Court 3.400(c).

All Defendants received the Complaint and Summons package by October 13. Under California code, the Defendants had 30 days in which to file a responsive pleading. (Code Civ. Proc. § 412.20.) Most responsive pleadings were thus due on October 26, the Monday after the deadline.

On October 5, counsel for Defendant Humble Bundle called Plaintiffs to ask for an extension of the responsive pleading deadline to December 1. On October 6, Plaintiffs replied to offer a 15-day extension to November 9. (Exh. A.) On October 5, counsel for Defendant Activision Blizzard emailed Plaintiffs to ask for a 60-day extension. On October 6, Plaintiffs responded offering a 15-day extension to November 9. (Exh. B.) Over calls and emails from October 6 to 7, counsel for Warner Bros. asked for an extension, and both parties stipulated to a 15-day extension to November 9. (Exh. C.)

On October 15, counsel for Sony emailed to ask for an extension to December 14. After a delayed response from Sony and some additional email exchanges, Sony emailed Monday asking again for 45 days' extension but still not providing any insight as to why any extension was needed. Plaintiffs offered a 15-day extension on October 19 and again on October 26, which Sony angrily

refused on October 27, calling Plaintiffs' offer a "bad start to a professional relationship" that will "backfire" on Plaintiffs. (Exh. D.)

On October 21, Valve unilaterally removed to federal court under CAFA. Due to Rule 81, this changed the response deadlines for all Defendants, extending most by two days to October 28. (Fed. R. Civ. P. 81(c).) Rule 81 provides a minimum of 21 days from the date service is completed, regardless of when removal happened, or at least 7 days in which to prepare a responsive pleading, regardless of how long ago service was completed. (*Id.*)

On Thursday, eight days before its responsive pleading was due, Valve emailed Plaintiffs to ask for 45 days in which to prepare a motion to transfer this case to Washington, where only Valve resides, with motions to dismiss and stay forthcoming at an indeterminate future date, incorrectly reasoning that "several defendants have not yet been served." Plaintiffs informed Valve that all Defendants have been served, and thus declined.

At no point did Valve ask for an extension to a certain date by which to file a responsive pleading as required by the Rules. It has only sought to impose dilatory motions ahead of its response deadline, and asked Plaintiffs for extra months in which to do so.

ECF notice for Valve's filing was received on Saturday, October 24. (Exh. E, F.). Valve filed the present Motion seeking to delay all Defendants' responsive pleadings indefinitely into the future, subject to the outcome of a motion to transfer; or alternatively, for 72 days, giving all Defendants a new 2027 deadline for a response to Summons they received in September 2026, a total of 105 days to draft a pleading.

No reason is given why an extension would be needed, except: "This action involves eleven corporate Defendants, and Plaintiffs assert antitrust and unfair competition claims on behalf of a putative statewide class. Plaintiffs designated the action as complex in state court." (Kilaru Dec. ¶ 5.)

Valve's Motion has a "Background" section and a declaration from Mr. Kilaru listing off dates going back to 2024, but both skip that Valve was served this Complaint more than a month ago. Mr. Kilaru incorrectly swears under penalty of perjury that "[t][here have been no prior extensions or modifications of Defendants' deadline to respond to the Complaint, whether by stipulation or court order." (Kilaru Decl. ¶ 11.)

Valve argues that the claims in this Complaint "overlaps with *In re Valve*," "arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact," and "involves 'the same subject matter and three of the same parties.'" (Motion, p.3.)

From October 6 through 27, Plaintiffs made written offers of a 15-day extension to Defendants Activision Blizzard, Annapurna, EA, Humble Bundle, Sega, Sony, Square, Valve, and Warner Bros. Since Valve filed this Motion, most Defendants have been unified in refusing or ignoring the offers, an indication of the chilling effect this Motion has had on party communication.

**LEGAL ARGUMENT**

Valve asks for either (1) an indefinite delay while it receives 30 days in which to prepare and file a motion it has already prepared and is ready to file, with its responsive pleading delayed indefinitely into the future, or alternatively (2) 72 days in which to file its responsive pleading to a lawsuit it argues is the same as a lawsuit is has already been defending for two years. Neither an indefinite delay nor a 72-day delay is appropriate.

**I. Valve is not acting for all Defendants**

Valve, acting on its own, now seeks to hold itself out as acting on behalf of all the California Defendants to take sole control of the litigation. But, as described in the Complaint, Valve and the California Defendants have opposing interests as to transfer to Washington. Not only have the California Defendants not cosigned this Motion, but if Valve had even attempted to contact them first, it would have discovered that they had all been served, that three had already asked for and been offered extensions, and one had accepted.

This is to say nothing of Valve's forthcoming motion to transfer to Washington, a state far from where all other Defendants and Plaintiffs reside: that motion will be directly against all the California Defendants' interests. Valve's Motion and Mr. Kilaru's Declaration both omit any statement about having conferred with any of the other Defendants. That omission, along with Mr. Kilaru's false sworn statement that no other Defendant has been given an extension, indicates the other 10 Defendants were likely surprised by this Motion, not collaborating on its objectives.

If a Defendant wants an extension, it can approach Plaintiffs for a stipulation, which

Plaintiffs have demonstrated they may agree to, and are still offering to all Defendants. Extensions are not obtained by a single party requesting on behalf of all parties.

**II. Existing rules provided sufficient time to respond, so lengthy extensions are unreasonable**

Under Rule 81, no defendant is getting less than 21 days in which to prepare a responsive pleading. If a defendant has not retained counsel, or has not otherwise engaged with the complaint they were served weeks ago, that is contemplated in the Rules—and not resolved with a 72-day extension.

Seven Defendants' responsive pleadings would have been due today, minus the three who were given extensions to November 9. Rule 81 provided them seven days from Valve's removal, giving them two extra days to respond. Anyone served later got a minimum of 21 days to respond.

The Rules provide sufficient time, because that is what they were designed to do. When the Supreme Court drafted those rules, it understood that some cases might have several parties, or that some parties might have been served recently or surprised by the removal, thus providing those minimums. If the Supreme Court had thought 21 days was an insufficient minimum, or that 7 days was insufficient to alter a partially complete responsive pleading for a surprise removal, it would have prescribed a higher number.

**III. Valve argues it has little to do to file a responsive pleading**

Valve needs an extension least of all. It states that it has been litigating antitrust claims in federal court since 2024, then claims that these claims have "substantially identical questions of law or fact." (Motion, p.3.)

If that is true, not only has Valve had over a month to prepare a responsive pleading, but it has had over a month to prepare what it claims is a "substantially identical" responsive pleading to those in its other cases. If the cases were the same, Valve would not need to research any new facts or cases. It does not need three and a half months to prepare such a pleading regardless, but even less so if this case is so similar to the 2024 litigation.

The claim is designated "complex" because under California code, all class action complaints are provisionally "complex" cases. (CRC 3.400(d).) There is nothing novel about claims from a

century-old antitrust statute and the UCL that will have taken Valve entirely off guard, unable to respond within the same time period as all other federal defendants get.

This is even more true of Valve's proposed motion to transfer. Valve has had this Complaint for two months, and decided two months ago that it would be seeking to remove and then transfer back to its home district in Washington. Valve must be prepared for its request for an extension of time for its motion to transfer to be denied by this Court: the motion to transfer is almost certainly already drafted, or close enough to being drafted that it could be filed this week.

In the event the motion to transfer is not already fully drafted, Valve was able to prepare the present Motion within around six hours of when Plaintiffs declined to grant Valve an extension based on a non-factual basis. An extension of 30 days is approximately 120 times as much time as Valve actually needs to prepare that motion for transfer for filing.

**IV. No remedy requested by this Motion is needed**

The Plaintiffs and the Defendants were already working well managing deadlines, starting around a week after service began. Valve, seeking its own goals, jumped ahead of the other Defendants to take sole control of the litigation. But one Defendant stipulated to an extension to November 9, two others were served later and naturally have November deadlines, and the Plaintiffs have made written offers of the same extension to almost all of the other Defendants.

If Valve is able to obtain by contested motion extensions that are better than those other parties obtained through good faith negotiation, Defendants will begin to see cooperation as detrimental to their clients. Court efficiency and docket management weigh in favor of respecting agreements made between the parties rather than imposing a new timeline unilaterally preferred by Valve. Valve has not provided any meaningful justification for these delays, but make no mistake: delay is the true goal, not merely an unfortunate side effect of genuine litigation needs. This court is just as capable of administering a motion to dismiss as any other court, and there is no need to delay litigation.[1]

[1] Plaintiffs have not yet submitted their response whether to consent to a magistrate judge for this class action.

Dated: October 28, 2026

Respectfully submitted,

By: */s/ Ryan S. Bailey*

BUCHER LAW PLLC
Ryan S. Bailey (SBN 303925)
1000 Brickell Ave
STE 715 - Mailbox 1004
Miami, FL 33131
+1 (650) 881-2201
ryan@bucherlawfirm.com

*Attorneys for Plaintiffs*