David J. Aveni, Esq. (SBN 251197)
Michael P. McCloskey, Esq. (SBN 106051)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101-8484
(619) 321-6200 Telephone
(619) 321-6201 Facsimile
Email: David.Aveni@wilsonelser.com
Attorneys for Defendant, ANNAPURNA GAMES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ALEANDER SHIMOTA, an individual; RICARDO CAMARGO, an individual; JOHN ELLIOTT, an individual; and all others similarly situated,

Plaintiffs,

v.

ACTIVISION BLIZZARD, INC.; ANNAPURNA GAMES; CAPCOM U.S.A. INC.; ELECTRONIC ARTS INC.; HUMBLE BUNDLE, INC.; SEGAOF AMERICA, INC.; SONY INTERACTIE ENTERTAINMENT LLC; SQUARE ENIXOF AMERICA HOLDINGS, INC.; UBISOFT, INC; VALVE CORPORATION; WARNER BROS. INTERNATIONAL ENTERPRISES INC,; and DOES 1-10;

Defendants.

Case No. 3:26-cv-12291-TSH

**NOTICE OF JOINDER OF DEFENDANT ANNAPURNA GAMES IN DEFENDANT VALVE CORPORATION'S ADMINISTRATIVE MOTION TO SEQUENCE THRESHOLD MOTION PRACTICE OR, IN THE ALTERNATIVE, TO ENLARGE DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT**

Defendant Annapurna Games, LLC hereby joins in Defendant Valve Corporation's Administrative Motion to Sequence Threshold Motion Practice Or, In The Alternative, To Enlarge Defendants' Time To Respond To The Complaint, and incorporates Valve's arguments and support therefore.

As discussed in the Administrative Motion, good cause exists here to enlarge the time for the defendants to respond to the Complaint, for several

reasons. First, as Valve has explained in its Motion, judicial economy favors sequencing the briefing so that the Court can resolve the Defendants intended motion to transfer prior to Defendants' intended motions to stay and to dismiss. Valve's proposed sequencing makes sense, as it allows the threshold venue question to be determined before the subsequent briefing on the merits.

Second, absent this relief, the deadline for Defendants to respond to the Complaint would be seven days after removal, which is an inadequate time frame to evaluate and respond to the action in light of the scale and complexity of the claims. Defendants, including Annapurna Games, are still in the process of retaining counsel, who have not yet had sufficient time to get up to speed on the issues and prepare the intended motion to dismiss.

Third, the requested relief will not prejudice Plaintiffs. The case remains at its earliest stage, and the requested relief will not impact an existing schedule or unnecessarily delay the litigation.

Annapurna Games thus respectfully joins in Valve's request that the Court adopt either of the two proposed schedules in the Motion: Either Defendants shall file a Motion to Transfer within 30 days of removal, by November 20, 2026, with briefing on further responsive motions, including motions to dismiss, deferred until resolution of the transfer motion; or if the Court prefers that all responsive motions be filed simultaneously, as asserted in Valve's Motion, Defendants request a 72-day extension of time for all Defendants to answer, move, or otherwise respond to the Complaint, extending the response deadline from October 28, 2026 to January 8, 2027.

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: October 28, 2026

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: ______________________________

David J. Aveni, Esq.
Attorneys for Defendant,
ANNAPPURNA GAMES

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2026, I electronically filed the foregoing through the U.S. Northern District Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

*/s/ David J. Aveni. , Esq.*
David J. Aveni, Esq.