SHEPPARD MULLIN RICHTER & HAMPTON LLP
LEO D. CASERIA, Cal. Bar No. 240323
lcaseria@sheppard.com
350 S. Grand Avenue, 40th Floor
Los Angeles, CA 90071
Telephone: 213.620.1780
Facsimile: 213.620.1398

ANN O'BRIEN (*pro hac vice forthcoming*)
aobrien@sheppard.com
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901

LUKE TAESCHLER (*pro hac vice application forthcoming*)
ltaeschler@sheppard.com
30 Rockefeller Plaza
New York, NY 10112
Telephone: 212.653.8700
Facsimile: 212.653.8701

Attorneys for Defendant
SEGA OF AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDER SHIMOTA, an individual; RICARDO CAMARGO, an individual; JOHN ELLIOTT, an individual; and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC.; ANNAPURNA GAMES; CAPCOM U.S.A. INC.; ELECTRONIC ARTS INC.; HUMBLE BUNDLE, INC.; SEGA OF AMERICA, INC.; SONY INTERACTIVE ENTERTAINMENT LLC; SQUARE ENIX OF AMERICA HOLDINGS, INC.; UBISOFT, INC.; VALVE CORPORATION; WARNER BROS. INTERNATIONAL ENTERPRISES INC.; AND DOES 1-10,<br>Defendants. | Case No. 3:26-cv-12291<br><br>**DEFENDANT SEGA OF AMERICA, INC.'S:**<br><br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT; AND**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: December 10, 2026<br>Time: 10:00 a.m.<br>Judge: Magistrate Judge Thomas S. Hixson<br>Crtrm: Courtroom E, 15th Floor |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard by the Honorable Magistrate Judge Thomas S. Hixson, Courtroom E, 15th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sega of America, Inc. will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Sega of America, Inc. from the Class Action Complaint (**"Complaint"** or "**CAC**") filed by Plaintiffs Alexander Shimota, Ricardo Camargo, John Elliott, and all others similarly situated (collectively, "**Plaintiffs**") in its entirety, with prejudice.

This Motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Diego B. Hernandez and exhibits thereto, the concurrently submitted proposed order, the pleadings and records on file herein, and such other evidence and arguments as may be presented to the Court prior to or at the hearing of this Motion.

## STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiffs' Complaint must be dismissed with respect to Defendant Sega of America, Inc. for failure to plausibly allege that Sega of America, Inc. has violated California's Cartwright Act and Unfair Competition laws because:

1. Sega of America, Inc. is not a party to any Steam Distribution Agreement with Valve (the essential allegedly unlawful conduct challenged in the Complaint), and the Complaint does not allege with sufficient particularity any other facts supporting a cognizable claim against Sega of America, Inc.

2. Plaintiffs incorporated by reference the Steam Distribution Agreement into the Complaint.

Dated: October 28, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By *<u>/s/ Leo D. Caseria</u>*
Leo D. Caseria
Ann O'Brien
Luke Taeschler

Attorneys for Defendant
Sega of America, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Defendant Sega of America, Inc. ("**Sega**") submits this Memorandum of Points and Authorities in support of its motion to dismiss all claims alleged by Plaintiffs Alexander Shimota, Ricardo Camargo, John Elliott, and all others similarly situated ("**Plaintiffs**") in their Class Action Complaint ("**Complaint**" or "**CAC**") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

The Complaint in this case challenges Valve Corporation's ("**Valve**") Steam Distribution Agreements ("**SDA**") with video game developers that sell games on and through Valve's platform, Steam. Plaintiffs allege that the SDA includes several provisions that violate California's Cartwright Act and Unfair Competition Law and seek damages and injunctive relief flowing from these allegedly unlawful provisions in the SDAs. Indeed, Plaintiffs repeatedly allege the importance of the SDA to their theory of the case. For example, they allege that, in response to Valve's demands, "Developer Defendants agreed to Valve's demands for market-wide parity" by accepting the pricing, content, release date, and anti-steering restraints contained in Valve's SDAs. CAC ¶¶ 39-40. Similarly, in the "Illegal Conduct" section of the Complaint, Plaintiffs allege that "Valve's Price Parity agreements with the Defendants constitute price-fixing, which is per se illegal under the Cartwright Act," *id*. ¶ 51, and detail each allegedly unlawful provision of the SDAs. *See, e.g., id*. ¶¶ 54-57. Execution of the SDAs and their provisions is thus the critical unlawful acts and conspiracy alleged in this case and the factual and legal backbone of Plaintiffs' Complaint.

But Sega did not enter the relevant SDA with Valve (the "**Sega SDA**"). As explained below, a different corporate entity, Sega Europe Limited ("**SOE**"), entered the Sega SDA. Plaintiffs nevertheless name Sega without alleging any facts connecting Sega to the execution or adoption of the Sega SDA. For example, Plaintiffs cursorily mention Sega only four times in the Complaint—in the caption, the introductory paragraph identifying the defendants, and the "Parties" section. None of these allegations supply supporting facts identifying Sega's role in executing the Sega SDA or entering the alleged "price-fixing" agreement asserted by Plaintiffs.

In addition, Plaintiffs' attempt to invoke *other* allegedly unlawful conduct beyond the Sega SDA fares no better in stating a claim against Sega. While Plaintiffs broadly allege that all video game "Developer Defendants" conspired with Valve in ways beyond entering the SDAs, that allegation is conclusory and unsupported by specific factual allegations about Sega. Indeed, Plaintiffs allege no transaction, communication, or other conduct specific to Sega at all, much less any allegation that Sega joined a "price-fixing" conspiracy or agreed to any terms with Valve beyond those contained in the Sega SDA.

Put simply, Sega is not party to the Sega SDA and there are no plausible allegations that Sega engaged in any alleged unlawful conduct. Accordingly, Plaintiffs' claims against Sega are legally defective and should be dismissed.

## II. <u>RELEVANT FACTUAL BACKGROUND</u>

On August 27, 2026, Plaintiffs filed a lawsuit against Valve, Sega, and several other game developers in the Superior Court of the State of California, County of San Mateo Division, alleging that Valve's SDAs with the video game "Developer Defendants" violate California's Cartwright Act and Unfair Competition Law due to alleged pricing, content, release-date, and anti-steering provisions. *Id*. ¶¶ 39-40. Valve removed the litigation to the United States District Court for the Northern District of California on October 21, 2026, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). ECF No. 1 at 4-7. Sega now moves to dismiss Plaintiffs' Complaint as to Sega for failure to state a claim against Sega under Federal Rule of Civil Procedure 12(b)(6).

## III. <u>LEGAL STANDARD</u>

Complaints that fail to state a claim upon which relief can be granted must be dismissed. Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). Rather, a plaintiff must allege with sufficient particularity specific factual allegations that make its claim for relief plausible. *See id*. at 557. In deciding whether a plaintiff states a plausible claim for relief, the Court may consider (1) the factual allegations in the complaint, disregarding all conclusory allegations, "naked assertion[s]," and boilerplate, *id.* at 556-57; and (2) all documents

referred to and relied upon in the complaint, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. <u>ARGUMENT</u>

### A. Because Sega is not a party to the Sega SDA—the essential conduct Plaintiffs challenge—the Complaint does not state a viable claim against Sega.

As described below, because Sega did not enter the Sega SDA with Valve, and because the Complaint contains no other, independent allegations to sufficiently state a claim against Sega, Sega is not a proper defendant to this action.

1. <u>Sega did not enter, and is not a party to, the Sega SDA.</u>

Plaintiffs' entire Complaint revolves around allegedly anticompetitive provisions in Valve's SDAs with the developer defendants and, as to Sega specifically, the Sega SDA. But Plaintiffs do not allege that Sega is party to any SDA with Valve, and the Sega SDA itself shows that Sega in fact is not party to the Sega SDA. *See* CAC ¶¶ 39-40, 51, 54-57. As detailed below, a separate entity, SOE, entered the Sega SDA with Valve. Plaintiffs cannot state a plausible claim for relief against Sega when the foundation of their claims is an agreement to which Sega is not party. *See, e.g.*, *Nietzche v. Freedom Home Mortg. Corp.*, No. 3:18-CV-1930-SI, 2019 WL 5057174, at *8 (D. Or. Oct. 8, 2019) (dismissing claims where plaintiffs improperly treated all members of a corporate family as "agents of one another or connected to one another for liability purposes."); *see also* *Twombly*, 550 U.S. at 570 (plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face" or their claims will be dismissed).

2. <u>The Complaint contains no specific allegations connecting Sega to execution of the Sega SDA, any other SDA, or any other allegedly unlawful conduct.</u>

Despite having no basis to allege that Sega entered into or is party to an SDA with Valve, Plaintiffs nevertheless name Sega as a defendant. *See* CAC ¶ 23. But Plaintiffs allege no supporting facts that connect Sega to the execution, adoption, or implementation of the Sega SDA. *See generally* CAC. In fact, they reference Sega by name only four times in the Complaint—in the caption, introductory paragraph, and "Parties" section when identifying the defendants. *See* CAC ¶ 23. None of these references tie Sega specifically to the Sega SDA, the other SDAs underpinning

Plaintiffs' Complaint, or any other conduct in furtherance of the alleged price-fixing at issue. Accordingly, Plaintiffs' claims against Sega should be dismissed for failure to state a plausible claim. *See, e.g.*, *Shu v. Toyota Motor Sales USA, Inc.*, 669 F. Supp. 3d 888, 897 (N.D. Cal. 2023) (no plausible claims against a defendant corporate family member where the only allegations against the specific entity were conclusory); *Beluca Ventures LLC v. Aktiebolag*, 622 F. Supp. 3d 806, 816 (N.D. Cal. 2022) (holding that plaintiffs "improperly engage[d] in undifferentiated pleading" and thus failed to explain which allegations related to specific corporate entities); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678-79 (2009) (instructing that plausibility analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" and that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" will be dismissed); *Twombly*, 550 U.S. at 570 (plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or face dismissal).[1]

Last, Plaintiffs attempt to make allegations against Sega (and all other defendants) by grouping all video game developer defendants together as a monolith: the "Developer Defendants." But that approach constitutes textbook, impermissible group pleading. *See, e.g.*, *Beluca Ventures*, 622 F. Supp. 3d at 816; *Gibson v. City of Portland*, 165 F.4th 1265, 1294 (9th Cir. 2026) (requiring repleading to "identify the allegedly offending parties by name" and their allegedly wrongful actions by "something more than reference to the entire complaint" as it was impossible to "assess [] plaintiff's allegations" because it was unclear "who did what"); *Villalpando v. Exel Direct Inc.*, No. 12–CV–04137 JCS, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014) (holding that a plaintiff's allegations must "provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them," including "what conduct is at issue"); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) ("Plaintiffs must

[1] Because Plaintiffs' allegation in paragraph 23 that Defendant Sega "participated in the price-fixing conspiracy and took affirmative actions in furtherance of the conspiracy" is a conclusory allegation that merely restates the legal elements of Plaintiffs' claims, it should be given no weight under *Twombly*. *Ashcroft*, 556 U.S. at 678 (holding and directing that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient and must be dismissed).

identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole.").

Plaintiffs must allege sufficiently specific factual allegations against each of the Developer Defendants to satisfy their pleading burden and state a plausible claim. Plaintiffs have relied almost exclusively on the SDAs in trying to do so here, but that approach simply does not work for Sega of America, Inc. because it has not entered any such agreement.

**B. Because Plaintiffs incorporated the SDA by reference into the Complaint, the Court can and should consider the Sega SDA.**

At the motion to dismiss stage, courts can "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" when analyzing a complaint's plausibility. *Ritchie*, 342 F.3d at 908. Even if a "document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*; *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss"), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). And courts have routinely relied on contracts or other party documents incorporated by reference into a complaint to grant motions to dismiss under Rule 12(b)(6). *See, e.g.*, *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d 1061, 1066-67 (N.D. Cal. 2018) (granting motion to dismiss after finding plaintiff incorporated four policies by reference that plainly barred plaintiff's claims and noting that the "purpose of the incorporation by reference doctrine is to prevent plaintiffs from surviving a 12(b)(6) motion by deliberately omitting documents in their complaint"); *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1119-20, 1148-49 (C.D. Cal. 2015) (granting motion to dismiss after finding an assignment agreement was incorporated by reference as it was "explicitly referenced" in the complaint).

Plaintiffs' allegations center around the SDAs, and Plaintiffs seek relief related directly and predominantly to the SDAs, including the Sega SDA. Indeed, the Complaint explains that Valve's

SDAs allegedly "established the relationship between Valve and developers who sold games through Steam." *See, e.g.*, CAC ¶¶ 54-55, 69. The SDAs also contain the allegedly anticompetitive provisions giving rise to Plaintiffs' alleged theory of harm and injury. *See id.* ¶¶ 55, 69 (citing posts on the social media website X containing images of the alleged SDA provisions). As such, this Court should consider the Sega SDA incorporated by reference into Plaintiffs' Complaint and consider the Sega SDA, attached as Exhibit 1 to the concurrently filed Declaration of Diego B. Hernandez, when ruling on this motion. The Sega SDA clearly shows that Sega is not a party to the agreement underpinning Plaintiffs' allegations related to Sega. Therefore, Plaintiffs have not plausibly alleged any claims against Sega. *See, e.g.*, *Ritchi*e, 342 F.3d at 908 (noting that the "doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan… or when a plaintiff's claim about stock fraud is based on the contents of SEC filings"); *Branch*, 14 F.3d at 454 (holding that a district court did not err in considering documents "expressly mentioned" in the plaintiff's complaint at the motion to dismiss stage).

## V. <u>DISMISSAL SHOULD BE WITH PREJUDICE</u>

Dismissal with prejudice is appropriate when, as here, amendment would be futile. *See Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013). The SDAs form the basis of Plaintiffs' claims against the Developer Defendants, and the Sega SDA forms the basis of Plaintiffs' claims against Sega specifically. But Sega is not party to that Sega SDA, and no amendment could retroactively make Sega a signatory to the Sega SDA it did not enter. The futility of amendment alone merits dismissal with prejudice as to the claims against Sega. *See id.*; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 758 (9th Cir. 2007).

## VI. <u>CONCLUSION</u>

For all of the foregoing reasons, Sega respectfully requests that this Court dismiss Plaintiffs' Complaint with respect to Sega in its entirety and with prejudice.

Dated: October 28, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By */s/ Leo D. Caseria*

Leo D. Caseria
Ann O'Brien
Luke Taeschler

Attorneys for Defendant
Sega of America, Inc.