SHEPPARD MULLIN RICHTER & HAMPTON LLP
LEO D. CASERIA, Cal. Bar No. 240323
lcaseria@sheppard.com
350 S. Grand Avenue, 40th Floor
Los Angeles, CA 90071
Telephone: 213.620.1780
Facsimile: 213.620.1398

ANN O'BRIEN (*pro hac vice application forthcoming*)
aobrien@sheppard.com
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Telephone: 202.747.1900
Facsimile: 202.747.1901

LUKE TAESCHLER (*pro hac vice application forthcoming*)
ltaeschler@sheppard.com
30 Rockefeller Plaza
New York, NY 10112
Telephone: 212.653.8700
Facsimile: 212.653.8701

Attorneys for Defendant
SEGA OF AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDER SHIMOTA, an individual; RICARDO CAMARGO, an individual; JOHN ELLIOTT, an individual; and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC.; ANNAPURNA GAMES; CAPCOM U.S.A. INC.; ELECTRONIC ARTS INC.; HUMBLE BUNDLE, INC.; SEGA OF AMERICA, INC.; SONY INTERACTIVE ENTERTAINMENT LLC; SQUARE ENIX OF AMERICA HOLDINGS, INC.; UBISOFT, INC.; VALVE CORPORATION; WARNER BROS. INTERNATIONAL ENTERPRISES INC.; AND DOES 1-10,<br>Defendants. | Case No. 3:26-cv-12291<br><br>**DEFENDANT SEGA OF AMERICA, INC.'S MOTION TO SEAL** |

**DEFENDANT SEGA OF AMERICA, INC.'S MOTION TO SEAL**

Defendant Sega of America, Inc. ("**Sega**") brings this Motion to Seal pursuant to Civil Local Rules 7-11 and 79-5, and this Court's Standing Orders, to file Exhibit 1 to the Declaration of Diego B. Hernandez in Support of Sega's Motion to Dismiss and Motion to Seal, a copy of the Steam Distribution Agreement between Sega Europe Limited and Valve Corporation (the "**Sega SDA**"), under seal.

The grounds for sealing are set forth below, as well as in the accompanying Declaration of Diego B. Hernandez, filed concurrently herewith.

Courts have found that protection of "confidential business information," including in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies," satisfies the "compelling reasons" standard for sealing materials in the Ninth Circuit. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such confidential business information "prevent[s] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (permitting contracts to remain under seal and noting that courts "regularly find that litigants may file under seal contracts" that "contain proprietary and confidential business information"); *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1119 (N.D. Cal. 2024) (sealing portions of an agreement with terms not publicly known that were carefully kept out of the public record because of their competitive sensitivity); *Baird v. BlackRock Institutional Tr. Co.*, N.A., 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (sealing materials "not in the public record" that contained "sensitive information about the governance, administration, and operation" of the party).

This is the precise interest—protecting confidential business information contained in an agreement that reveals commercial negotiation tactics and strategies—that Sega seeks to protect for its related corporate family member, Sega Europe Limited, and its business partner, Valve Corporation, here. *See, e.g.*, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2. The terms of the Sega SDA are not public or broadly available and thus are not known to competitors of the parties to the

Sega SDA, which weighs in favor of sealing the agreement. *See id*. If the Sega SDA were not sealed, the parties' confidential information and business terms would be exposed market-wide, including to their respective competitors, who in turn could take unfair advantage of the information in the Sega SDA. *See id*. Further, the Sega SDA is being filed in the interest of furthering judicial economy so the Court can swiftly resolve Sega's motion to dismiss based on the clear terms and signatories of the Sega SDA. Permitting publication of the Sega SDA would discourage parties from disclosing confidential information to the Court in order to resolve disputes and facilitate judicial efficiency.

Dated: October 28, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By *\/s/ Leo D. Caseria*

Leo D. Caseria
Ann O'Brien
Luke Taeschler

Attorneys for Defendant
Sega of America, Inc.