United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER SHIMOTA, et al.,
Plaintiffs,
v.
ACTIVISION BLIZZARD, INC., et al.,
Defendants.

Case No. 26-cv-12291-JST

**ORDER GRANTING MOTION TO SEQUENCE THRESHOLD MOTION PRACTICE; ORDER DENYING MOTION FOR ENTRY OF DEFAULT**

Re: ECF Nos. 14, 87

Now before the Court is Defendant Valve Corporation's administrative motion to sequence threshold motion practice or, in the alternative, to enlarge Defendants' time to respond the complaint. ECF No. 14.

Valve Corporation's motion is granted. It makes sense for the Court to determine whether this case belongs in the Northern District of California before entertaining other pretrial motions. Defendants Valve Corporation and Annapurna Games[1] may file a motion to transfer[2] on or before November 20, 2026. Briefing on other responsive motions, including any motions to dismiss or motions to stay, is deferred until resolution of the motion to transfer, unless otherwise ordered by the Court. The deadline for Defendants to answer, move, or otherwise respond to the complaint shall be governed by further order of the Court following resolution of the threshold motion practice described above.

Also pending is Plaintiffs' request for entry of default against Valve Corporation. The motion is not well-taken. Plaintiffs knew, or should have known, that such a motion had almost

[1] Annapurna Games filed a joinder in Valve' motion on October 28, 2026.
[2] The Court would prefer to receive a single joint motion. Any other Defendant may join in that motion.

no chance of being granted. "Entry of default and default judgments are generally disfavored, and doubts should be resolved against the party seeking default." *Clayton v. Does*, No. C24-0182JLR, 2025 WL 2675779, at *2 (W.D. Wash. Aug. 22, 2025) (citation modified). "A court's decision to enter default judgment is discretionary, but default judgment is ordinarily disfavored because '[c]ases should be decided upon their merits whenever reasonably possible.'" *Huveldt v. Jake Sweeney Chevrolet-Imports, Inc.*, No. 2:23-cv-00355-RSL, 2024 WL 4520053, at *1 (W.D. Wash. Oct. 17, 2024) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). "Generally, entry of default judgment is not proper if there has been an appearance in the case." *Evans v. Cnty. of San Diego*, No. 06-cv-877-JM(RBB), 2009 WL 69324, at *2 (S.D. Cal. Jan. 8, 2009).

Here, Valve Corporation appeared at the inception of the federal litigation by filing a notice of removal. Its intent to respond to the complaint cannot have been in serious doubt. It filed its motion to sequence motion practice on October 23, 2026, five days before its response to the complaint was due. It has also made plain that it intends to file a motion to dismiss on a schedule set by the Court. *See* ECF No. 14. On these facts, the Court declines to enter default.

**IT IS SO ORDERED.**

Dated: November 9, 2026

JON S. TIGAR
United States District Judge